Ham Judge,
 

 delivered the opinion of the Court. — - The Judge charged the Jury in this case, “That as no consideration passes from the donee to the'donor, the law requires every parol gift to be a sedate, deliberate act, and therefore incautious expressions, or expressions used in a state of inebriety, would
 
 not
 
 be
 
 sufficient.”
 

 It is objected that the charge is incorrect, that a gift is good, if the person making it, had the use of his understanding, and was in earnest when he made it j although he did it without sedateness or deliberation, and was, at the time, in a state of intoxication.
 

 I understand the Judge, and the Counsel, both to mean, that every gift, in order to be valid, must have the free assent of the donor to it. The Judge considered deliberation and sedateness as evidence of that assent, but that incautious expressions, coming from a drunken man,
 
 were
 
 not. He did not say, that more deliberation was necessary in making a gift, than a sale; if he meant that, I do not coincide with him in opinion. The free assent of the party is as indispensable in the one case, as in the other. I am inclined (o believe that the Jury were not misled by the Judge’s charge in that respect.
 

 As the Jury have found for the Defendant, on the plea ■of
 
 non detinet,
 
 it seems to be useless to say any tiling •relative to the charge, as to the statute of limitations. I will only observe, assuming it as a fact, that the Defend
 
 *7
 
 ant was a Trustee, that nothing emanating from him would change that character, and put the statute of limi- , ,. . . *■ ,. . , „ tations into operation m his tavor.
 

 It appears that Defendant liad given negro Cloe to his daughter Ann, by his will, but had not given her all Cloe’s children, which she had after the alleged gift; and
 
 that,
 
 after the date of the will, he made declarations, that he had given Cloe to his daughter Ann; the Defendant introduced the will, although objected to by the Plaintiffs, to explain to the Jury what was meant by those declarations; namely, that he meant he had given her by his will. I can see no objection to this evidence; and from the view which I have taken of the whole case, 1 think the rule for a new trial should be discharged.